UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON
CIVIL ACTION 06-02-JGW

TRAVIS GRILL                                                    PLAINTIFF

V.

A-1 AMUSEMENT & PARTY RENTAL, INC., et al.                      DEFENDANTS

MEMORANDUM ORDER

I.  Procedural Background

On January 3, 2006, plaintiff Travis Grill initiated this action by filing a complaint

against defendant, A-1 Amusement & Party Rental, Inc (A-1) alleging various claims, including

product liability, arising out of injuries plaintiff allegedly incurred while navigating an inflatable

obstacle course known as the Boot Camp Challenge. Plaintiff amended his complaint against A-

1 on June 5, 2006, adding Activity Games Water Tag, Inc., Activity Games, LLC, and Water

Tag, Inc. as defendants.

On June 16, 2006, United States District Judge William O. Bertelsman referred this

action to United States Magistrate Judge J. Gregory Wehrman. On August 17, 2006, plaintiff

filed a motion for default judgment against Activity Games Water Tag, Inc., Activity Games,

LLC, and Water Tag, Inc. which was held in abeyance per an order from Judge Bertelsman

pending proper filing of entry of default by the clerk. After the entry of default was filed on

October 12, 2006, Judge Bertelsman denied plaintiff's motion for default judgment as moot.

On December 1, 2006, plaintiff filed a second amended complaint, naming Water Tag

1

Enterprises, Inc. and Gary Sanders, both individually and as director of Water Tag, Inc., as defendants. The Supplemental Rule 26(f) Report stipulated that the parties unanimously consented to the jurisdiction of the magistrate judge. As a result, on May 3, 2007, Judge Bertelsman referred this matter to Magistrate Judge Wehrman to conduct any and all proceedings, including the trial, pursuant to 28 U.S.C. § 636(c)(1). This matter is currently before the court on the plaintiff's motion for default judgment against Water Tag Enterprises, Inc. and Gary Sanders.

**II. Analysis**

**A. Motion for Default Judgment as to Defendant Gary Sanders**

The Sixth Circuit has stated that "[i]t is important to distinguish between an entry of default and a default judgment." *O.J. Distributing, Inc. v. Hornell Brewing Company, Inc.*, 340 F.3d 345, 353 (6th Cir. 2003) (citing *United States v. Real Property & All Furnishings Known as Bridwell's Grocery & Video*, 195 F.3d 819, 820 (6th Cir. 1999)). The process to be followed for entry of default and entry of default judgment has been stated as follows:

> If a defendant fails to plead or otherwise defend the claim, the clerk shall enter the
>
> party's  default. Fed.R.Civ.P. 55(a). In order to obtain judgment by default, the proponent
>
> must first request the clerk's entry of default pursuant to Rule 55(a). If obtained, then the
>
> proponent may file for default judgment by the clerk, or by the court. Fed.R.Civ.P. 55(b).

*Meier v. Green*, No. 07-CV-11410, 2007 WL 1725383, at *2 (E.D. Mich. June 14, 2007) (finding that "[b]ecause Plaintiff did not request the clerk's entry of default prior to seeking judgment by the court, Plaintiff's motion for default judgment [was] not properly before th[e] court").

2

Because the plaintiff in the instant case has not followed the correct procedure by first requesting the clerk's entry of default in accordance with Rule 55(a), the plaintiff's motion for default judgment is not "properly before this court."[1] Therefore, plaintiff's motion for default judgment against Gary Sanders is denied without prejudice to renew, following compliance with Fed.R.Civ.P. Rule 55(a).

### B.  Motion for Default Judgment as to Defendant Water Tag Enterprises, Inc.

The motion for default judgment as to Water Tag Enterprises, Inc. is also appropriately denied for failure to comply with Fed.R.Civ.P. Rule 55(a).  However, the court writes additionally to address the existence of a letter written by an agent of defendant that could be construed as a *pro se* pleading. In general, the court is to "construe filings by *pro se* litigants liberally." *Owens v. Keeling*, 461 F.3d 763, 776 (6th Cir. 2006) (citing *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005)). Furthermore, "cases should be tried on their merits rather than the technicalities of pleadings." *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (citing *Tefft v. Seward*, 689 F2d 637, 639 (6th Cir. 1982)). Finally, case law supports construing the letter as a pleading. *See Carney v. Jefferson County Fiscal Court*, 53 Fed.Appx. 343 (6th Cir. 2002) (*pro se* letter construed as Rule 60(b) motion); *National Labor Relations Board v. Reynolds & Underhill, Inc.*, No. 95-6056, 95-6362, 1996 WL 662893 (6th Cir. Nov. 12, 1996) (NLRB erred by failing to construe letter as answer); *Doe v. Tecumseh Public Schools*, No. 06-12493, 2007 WL 1153044 (E.D.Mich. Apr. 18, 2007) (*pro se* submission construed as motion to set aside default); *Wilson v. United States*, 969 F.Supp. 1054 (E.D.Mich. 1997) (*pro se*

---

[1] As noted earlier, plaintiff previously filed a motion for default judgment against defendants Activity Games Water Tag, Inc., Activity Games, LLC, and Water Tag, Inc. In the previous motion, the plaintiff also failed to follow the process required by Rule 55(a) by first requesting an entry of default by the clerk.

letter construed as § 2255 motion); *Shearer v. Morgan County Circuit Court*, No. Civ.A.05-CV-264-KSF, 2005 WL 2281659 (E.D.Ky. Sept. 19, 2005) (*pro se* letters construed as pleadings to initiate § 1983 action); *Kirby v. Memphis Security Co.*, No. 1:01-CV-151, 2003 WL 22509412 (E.D.Tenn. Nov. 5, 2003) (memorandum might be sufficient to constitute answer on behalf of defendant individually).

In the instant case, the referenced *pro se* letter was attached as an exhibit to the plaintiff's current motion for default judgment. The letter, written by Teddy C. Ryan III as registered agent for Water Tag Enterprises, Inc., references the case number, the parties in this action, the nature of the complaint, and the registered agent's address and phone number. Mr. Ryan summarizes the various entities involved and states that Activity Games, LLC and Water Tag Enterprises, Inc. cannot afford legal counsel, do not have any tangible assets and do not hold insurance policies.  The court is to "construe filings by *pro se* litigants liberally."  Because "cases should be tried on their merits rather than the technicalities of the pleadings," and because cited case authority lends support, the court will exercise its discretion to construe Mr. Ryan's *pro se* letter as a pleading.

However, Mr. Ryan cannot represent Water Tag Enterprises, Inc. "[C]orporations and non-incorporated organizations are artificial entities which exist only as legal fiction," and "cannot appear *pro se* in any Federal court litigation." *Griesser v. Pirkel's Towing Co.*, No. 1:06 CV 2904, 2007 WL 582386, at *1 (N.D. Ohio Feb. 20, 2007) (citation omitted). "They are required to appear in court through an attorney." *Id.* (citing *Paris v. Herman*, No. 99-5338, 2000

WL 571932, at *2 (6th Cir. May 3, 2000)).[2]

Even though Mr. Ryan's *pro se* letter cannot be construed as an answer on behalf of Water Tag Enterprises, Inc., the court will construe it as a motion seeking leave to file an answer. "It is hornbook law that the law disfavors defaults." *Gerber v. Riordan*, No. 3:06CV1525, 2006 WL 3612850, at *1 (N.D.Ohio Dec. 8, 2006) (citing *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986)). Because the letter represents that Water Tag Enterprises, Inc. cannot afford an attorney, the court will specifically construe the letter as a motion to appear without counsel. Since a corporation cannot appear *pro se*, the court will deny the construed motion to proceed *pro se* and instead will grant Water Tag Enterprises, Inc. leave to file an answer out of time through counsel.

### C. All Parties Must Consent to the Jurisdiction of the Magistrate Judge

The plaintiff, defendant A-1, and third party defendant, St. Henry District High School, consented to the jurisdiction of the magistrate judge in the Supplemental Rule 26(f) Report filed on April 20, 2007. However, "[a] § 636(c) consent entered prior to the entry of an appearance by a party is not binding on that party." *USA Figure Skating v. Dickinson,* No. 00-3777, 2000 WL 1679431, at *1 (6th Cir. Oct.31, 2000). In addition, per Local Rule 73.1(b), it is the duty of the plaintiff to serve a § 636(c) consent notice with the summons and complaint on each defendant in the action. Such consent notice was not sent to Mr. Ryan. As such, Mr. Ryan, as registered agent for Water Tag Enterprises, Inc., has not yet consented to the jurisdiction of the magistrate judge.

---

[2] By contrast, "a sole proprietorship has no legal existence apart from its owner" but "the individual owner may represent a sole proprietorship in a *pro se* capacity." *National Labor Relations Board v. Consolidated Food Services, Inc.*, No. 03-1703, 2003 WL 22506416, at *1 n.1 (6th Cir. Nov. 3, 2003) (court construed letter from individual who identified herself as the sole shareholder of a corporation as a response to the NLRB).

### III. Conclusion and Order

Accordingly, **IT IS ORDERED HEREIN**:

1. The motion for default judgment against Gary Sanders and Water Tag Enterprises, Inc. [DE #48] is **denied** without prejudice to renew, following compliance with Fed.R.Civ.P. Rule 55(a).

2. Mr. Ryan's *pro se* letter, attached as Exhibit A to plaintiff's motion for default judgment, is hereby construed as a motion on behalf of Water Tag Enterprises, Inc. to proceed without counsel and shall be so filed;

3. The construed motion for leave to proceed without counsel by defendant Water Tag Enterprises, Inc. is **denied** but Water Tag Enterprises, Inc. is granted leave to file its answer out of time, through counsel, within thirty (30) days of the date of this order;

4. The Clerk of Court shall forward to Mr. Ryan with this order a copy of the form used to consent to trial before the magistrate judge. 28 U.S.C. § 636(c). If Mr. Ryan as agent for Water Tag Enterprises, Inc. so consents, he shall execute and file said form not later than August 13, 2007. Consent to trial before a magistrate judge has no effect on a party's right to a jury trial, but may result in earlier final pretrial and trial dates than otherwise would occur before the district judge.

This is the 20th day of July, 2007.

Signed By:

*J. Gregory Wehrman*

**United States Magistrate Judge**